# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv42

| | | |
|---|---|---|
| MAUREEN MURPHY LACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | JUDGMENT |
| | ) | |
| COUNTY OF MACON; and MACON | ) | |
| COUNTY SHERIFF DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** having come before the court in accordance with 28, United States Code, Section 636(c), and upon defendants' Motion to Dismiss, and the undersigned having determined that defendants are entitled to the relief they seek as a matter of law for the reasons discussed in the Memorandum of Decision filed simultaneously herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that

(1) defendants' Motion to Dismiss (#2) is **ALLOWED**, and this action is **DISMISSED** in its entirety **WITH PREJUDICE** in accordance with Rule 12(b)(1), Federal Rules of Civil Procedure, as plaintiff lacks standing to sue; and

(2) **IN THE ALTERNATIVE**, this action is **DISMISSED WITHOUT PREJUDICE** in its entirety for lack of sufficient service of process under Rule 12(b)(5); and

(3) **IN THE ALTERNATIVE,** as to the defendant county, this action is **DISMISSED WITH PREJUDICE** inasmuch as plaintiff has failed to state a cognizable claim against the county under Rule 12(b)(6).

Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised that she has the right to appeal this judgment to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, and within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is 30 days from entry of this judgment. Failure to file a notice of appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed.

R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: October 30, 2009

_____
Dennis L. Howell
United States Magistrate Judge